O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| SKY FLOWERS, INC. dba SKY EVENTS AND PRODUCTION, a California Corporation<br><br>Plaintiff,<br><br>v.<br><br>HISCOX INSURANCE COMPANY, INC., an Illinois Corporation; and Does 1-10, inclusive<br><br>Defendants. | Case № 2:20-cv-05411-ODW (MAAx)<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS [23]** |

## I. INTRODUCTION

On June 18, 2020, Plaintiff Sky Flowers, Inc. dba Sky Events and Production ("Sky Flowers") initiated this case alleging breach of contract and breach of implied covenant of good faith and fair dealing against Defendant Hiscox Insurance Company ("Hiscox"). (Compl., ECF No. 1.) Now pending before the Court is Hiscox's Motion for Judgment on the Pleadings. (Mot. J. on the Pleadings ("Motion" or "Mot.") 8, ECF No. 23.) For the reasons discussed below, the Court **GRANTS** the Motion.[1]

---

[1] The Court has reviewed the papers filed in connection with the Motion and deemed the matter appropriate for a decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND

Sky Flowers is in the business of "high-end flower arrangements and event planning." (Compl. ¶ 15.) Sky Flowers alleges that it purchased an "All-Risk" general liability insurance policy ("Policy") from Hiscox for the policy period of January 24, 2020, through January 24, 2021. (*Id.* ¶¶ 16–18; *see id.*, Ex. A ("Policy"), ECF No. 1–1.)

In March 2020, as a result of the COVID-19 pandemic, Governor Gavin Newsom declared a state of emergency and issued a series of executive orders that cancelled all large non-essential gatherings in California and required non-essential workers to stay home. (*See* Compl. ¶¶ 23–29.) Sky Flowers alleges that as a result of the civil authority orders, it was forced to completely suspend and close its business operations. (Compl. ¶ 45.) Sky Flowers contends that the government orders caused hotels and businesses, with whom it conducts business, to close their doors. (*Id.* ¶ 30.) Sky Flowers asserts that these actions "effectively shuttered all income" for its business. (*Id.*)

Sky Flowers alleges that its losses are covered under various provisions of the Policy. (*Id.* ¶ 15–22.) First, it claims that it is entitled to coverage under the "Business Income" provision of the Policy, which provides that Hiscox "will pay for the actual loss of Business Income you sustain due to the necessary suspension of your 'operations.'" Said suspension "must be caused by direct physical loss of or damage to property at the described premises." (Compl. ¶ 19; Policy 5.)

Second, Sky Flowers contends that it has coverage under the Policy's "Extra Expense" provision, which provides that Hiscox "will pay necessary Extra Expense you incur during the 'period of restoration' that you would not have incurred if there had been no direct physical loss or damage to property at the described premises." (Compl. ¶ 19; Policy 7.)

Third, Sky Flowers claims its losses are covered under the "Civil Authority" Policy provision, which states that Hiscox "will pay for the actual loss of Business

2

Income you sustain and necessary Extra Expense caused by action of civil authority that prohibits access to the described premises," provided that both of the following apply: "(1) [a]ccess to the area immediately surrounding the damaged property is prohibited by civil authority . . . and, (2) [t]he action of civil authority is taken in response to dangerous physical conditions resulting from the damage or continuation of the Covered Cause of Loss[2] that caused the damage." (Compl. ¶ 19; Policy 7–8.)

Fourth, Sky Flowers claims the "Business Income from Dependent Properties" provision of the Policy provides coverage for its losses. (Compl. ¶ 19.) This provision provides that Hiscox "will pay for the actual loss of Business income you sustain due to physical loss or damage at the premises of a dependent property caused by or resulting from any Covered Cause of Loss." (*Id*.; Policy 9.)

Fifth and finally, Sky Flowers claims that the "Virus Exclusion" provision of the Policy does not bar coverage because it is not a "pandemic exclusion." (Compl. ¶¶ 36–44.) This provision states that Hiscox "will not pay for loss or damage caused directly or indirectly by any of the following: (j) Virus or Bacteria." (Compl. ¶ 19; Policy 15–17.) In the Policy, a virus or bacteria is defined as "any virus, bacterium, or other microorganism that induces or is capable of inducing physical distress, illness or disease." (*Id*.)

Sky Flowers filed a claim with Hiscox seeking coverage due to the civil authority shutdown, which Hiscox denied. (Compl. ¶ 45–47.) On June 18, 2020, Sky Flowers filed its Complaint asserting claims for: (1) breach of written contract, and (2) breach of implied covenant of good faith and fair dealing. (*Id*. ¶¶ 52–63.) Hiscox moved for judgment on the pleadings, and the matter is fully briefed.[3] (*See* Opp'n, ECF No. 29; Reply, ECF No. 30.)

---

[2] For purposes of the Policy, "Covered Cause of Loss" means "[r]isks of direct physical loss unless the loss is [excluded from the Policy]." (Policy 2.)

[3] Hiscox requests that the Court take judicial notice of various documents filed in state and federal court actions. (*See* Req. for Judicial Notice ("RJN"), ECF No. 25.) A court may take judicial notice of court filings and other matters of public record. *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (noting that a court may take judicial notice of "undisputed matters of public

### III. LEGAL STANDARD

After the pleadings are closed, but within such time as to not delay the trial, any party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). The standard applied to a Rule 12(c) motion is essentially the same as that applied to Rule 12(b)(6) motions; a judgment on the pleadings is appropriate when, even if all the allegations in the complaint are true, the moving party is entitled to judgment as a matter of law. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." (citations omitted)); *Milne ex rel. Coyne v. Stephen Slesinger, Inc.*, 430 F.3d 1036, 1042 (9th Cir. 2005).

When ruling on a motion for judgment on the pleadings, a court should construe the facts in the complaint in the light most favorable to the plaintiff, and the movant must clearly establish that no material issue of fact remains to be resolved. *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988). However, "conclusory allegations without more are insufficient to defeat a motion [for judgment on the pleadings]." (*Id.*) If judgment on the pleadings is appropriate, a court has discretion to grant the non-moving party leave to amend, grant dismissal, or enter a judgment. *See Lonberg v. City of Riverside*, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004). Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d

---

record"); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of pleadings, memoranda, and other court filings); *see also United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) (noting judicial notice of proceedings in other courts is proper "if those proceedings have a direct relation to matters at issue."). Here, the Court takes judicial notice of the filings. The Court does not, however, take judicial notice of reasonably disputed facts in the judicially noticed documents. *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2012). Accordingly, the Court considers court filings and other matters of public record in deciding the Motion, and **GRANTS** Hiscox's RJN.

1393, 1401 (9th Cir. 1986). Thus, leave to amend "is properly denied . . . if amendment would be futile." *Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

## IV. DISCUSSION

In its Motion, Hiscox argues that there was no "direct physical loss of or damage to" Sky Flowers's property, thus coverage is precluded under the Policy. (*See generally* Mot.) Hiscox also contends that even if there was physical loss or damage to Sky Flowers's business, the Policy's Virus Exclusion bars coverage. (Mot. 3.) Sky Flowers, on the other hand, insists that its losses are covered under the Policy. (*See generally* Opp'n.)

**A. No Provision of the Policy Covers Sky Flowers's Losses**

Every Policy provision at issue contains language conditioning recovery on "physical loss of or damage to" the property. (Policy 5–19.) Consequently, Sky Flowers is entitled to coverage under the Policy only if it suffered "physical loss or damage to" the insured premises.

Under California law,[4] "losses from inability to use property do not amount to 'direct physical loss of or damage to property' within the ordinary and popular meaning of that phrase." *10E, LLC v. Travelers Indem. Co. of Conn.*, 483 F. Supp. 3d 828, 835–36 (C.D. Cal. 2020). Further, only a "distinct, demonstrable, physical alteration" of property will amount to physical loss or damage that may trigger coverage, and thus, alleging "detrimental economic impact" alone is insufficient for recovery. *MRI Healthcare Ctr. of Glendale, Inc. v. State Farm Gen. Ins. Co.*, 187 Cal. App. 4th 766, 779 (2010) (internal quotation marks omitted).

---

[4] It is undisputed that California law governs this case. *See Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) ("[In] a diversity action the law of the forum state, California, applies."). Under California law, "interpretation of an insurance policy is a question of law." *Waller v. Truck Ins. Exch., Inc.*, 11 Cal. 4th 1, 18 (1995). When "interpreting a policy provision, [courts] must give its terms their ordinary and popular sense, unless used by the parties in a technical sense or a special meaning is given to them by usage." *Palmer v. Truck Ins. Exch.*, 21 Cal. 4th 1109, 1115 (1999) (internal quotation marks omitted).

Several courts in this jurisdiction have recently considered cases with facts nearly identical to this one, and these courts have reached a consensus—where an insurance policy conditions recovery on "direct physical loss or damage to" property, temporary business impairments caused by COVID-19 safety orders do not fall within the scope of coverage. *10E*, 483 F. Supp. 3d at 835–37; *Mark's Engine Co. No. 28 Rest., LLC v. Traveler's Indem. Co. of Conn.*, No. 2:20-cv-04423-AB (SKx), 2020 WL 5938689, at *4 (C.D. Cal. Oct. 2, 2020) (holding a business could not recover for pandemic-related economic losses under an insurance policy requiring "direct physical loss" or "direct physical damage" for coverage); *Selane Prods., Inc v. Cont'l Cas. Co.*, No. 2:20-cv-07834-MCS (AFMx), 2021 WL 609257, at *5–6 (C.D. Cal. Feb. 8, 2021) (same).

Here, the Policy clearly conditions recovery on physical loss of or damage to the insured premises. (*See* Policy 5–19.) Sky Flowers alleges only loss of use of the property due to the government's response to COVID-19, which does not amount to direct physical damage. (*See, e.g.*, Compl. ¶ 30 (explaining that the civil authority orders forced Sky Flowers to "close [its] doors.").) Therefore, just as in the cases discussed above, Sky Flowers's failure to allege direct physical loss or damage to its business forecloses its claim to coverage under the Policy. *See, e.g.*, *10E*, 483 F. Supp. 3d at 835–37.

Nevertheless, Sky Flowers contends "direct physical loss" should be read to encompass "loss of use of the property." (Opp'n 8–10 (citing *Total Intermodal Servs. v. Travelers Prop. Cas. Co. of Am.*, No. CV 17-04908 AB (KSx), 2018 WL 3829767, at *4 (C.D. Cal. July 11, 2018)).) However, Sky Flowers's reliance on *Total Intermodal* is misplaced. In *Total Intermodal*, the court held that "physical loss of or damage to" insured cargo did not require that the cargo be damaged, but it still required "permanent dispossession." *Total Intermodal*, 2018 WL 3829767, at *4. Here, Sky Flowers has not alleged permanent dispossession, nor could it, as it is still in possession of its property. Thus, it is clear that the facts of *Total Intermodal* are

completely inapplicable to the facts of this case.[5] Further, several courts in the Central District have distinguished the "permanent dispossession" of property in *Total Intermodal* from the type of temporary business impairments caused by COVID-19 safety orders. *See, e.g.*, *10E*, 483 F. Supp. 3d at 836 (differentiating the permanent dispossession in *Total Intermodal* from economic losses caused by COVID-19 restrictions); *Plan Check Downtown III*, 2020 WL 5742712, at *5–6 (same).

## B. The Policy's Virus Exclusion Provision Precludes Coverage

In the alternative, Hiscox contends that even if Sky Flowers alleged there was physical loss of or damage to its business, the Virus Exclusion provision precludes Sky Flowers from recovering under the Policy. (Mot. 17–18.) This provision of the Policy excludes all "loss or damage caused directly or indirectly" by "any virus, bacterium or other microorganism that induces or is capable of inducing physical distress, illness, or disease." (Policy 16–17.) A coverage exclusion must be "conspicuous, plain and clear" to be enforceable. *Haynes v. Farmers Ins. Exch.*, 32 Cal. 4th 1198, 1204 (2004); *see also Mark's Engine*, 2020 WL 5938689, at *5 ("The virus provision clearly and unequivocally exempts 'loss or damage caused by or resulting from any virus'."); *W. Coast Hotel Mgmt., LLC*, 2020 WL 6440037, at *5 ("The Court can see no grounds for determining that [the virus exclusion] is anything but plain and clear.").

Just as other courts in this district have interpreted similar provisions, the Policy's Virus Exclusion plainly and clearly precludes coverage caused directly or indirectly by a virus such as COVID-19. For this additional reason, Sky Flowers's claims fail.

---

[5] Notably, the same court that decided *Total Intermodal* later commented that "rel[iance] on . . . *Total Intermodal* [to interpret the policy language] 'direct physical loss of' [as] encompass[ing] deprivation of property without physical change in the condition of the property . . . would be without any 'manageable bounds.'" *Mark's Engine*, 2020 WL 5938689, at *4 (quoting *Plan Check Downtown III, LLC v. AmGuard Ins. Co.*, 485 F. Supp. 3d 1225, 1231 (C.D. Cal. 2020)).

While the Court is sympathetic to the fact that Sky Flowers, like many small businesses across the nation, is suffering from the unprecedented COVID-19 pandemic, an "insured cannot recover by attempting to artfully plead temporary impairment to economically valuable use of property as physical loss or damage." *10E,* 483 F. Supp. 3d at 836. Consequently, absent allegations of either direct physical loss of or damage to its property, Sky Flowers has not alleged facts plausibly supporting an inference that it is entitled to coverage under the Policy, and its claims fail.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Hiscox's Motion for Judgment on the Pleadings. (ECF No. 23.) The Clerk of the Court shall close this case.

**IT IS SO ORDERED.**

March 26, 2021

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**